# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLIE SALAITA,
         Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
         Agency.

DOCKET NUMBER
DC-0845-17-0108-I-1

DATE: February 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charlie Salaita, Midlothian, Virginia, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In a reconsideration decision, OPM found that the appellant had been overpaid $284.70 in annuity benefits under the Federal Employees' Retirement System and denied his request for waiver of recovery of the overpayment.  Initial Appeal File (IAF), Tab 9 at 6-9.  OPM explained that this overpayment occurred because it overestimated the amount of the appellant's annuity when he retired and paid him the overestimated amount as interim payments between the date that he retired and the date that OPM calculated his proper annuity payment.  *Id.*  OPM explained further that interim payments to the appellant had not been reduced to account for his receipt of Social Security Administration Disability Insurance Benefits (SSADIB).  *Id.*  OPM set a collection schedule to recover the overpayment in nine monthly installments of $30 each and a final installment of $14.70.  *Id.* at 8.

¶3        The appellant appealed to the Board.  He challenged the reconsideration decision, arguing that OPM's calculation of his overpayment was erroneous because it made its calculation based on the assumption that he received SSADIB,

a benefit that he never received. IAF, Tab 1. He explained that, although he applied for disability benefits from the Social Security Administration, he did not receive such benefits because he applied after he was 62 years of age and was eligible for old-age Social Security benefits. *Id*. The appellant did not request a hearing. *Id*. The administrative judge found that, contrary to what OPM stated in its reconsideration decision, it had not based its overpayment calculation on the appellant's receipt of SSDIB benefits. IAF, Tab 16, Initial Decision (ID) at 5. The administrative judge relied on OPM's "Special Notice" of overpayment that informed the appellant that the "gross interim payments paid to you exceed your actual earned annuity payable from the date of your retirement to the present." ID at 5; IAF, Tab 9 at 17-19.

¶4 The administrative judge found further that, because OPM's calculations appeared correct, and the appellant offered no evidence to indicate otherwise, OPM established the existence of the overpayment and its correct amount. ID at 5. Additionally, the administrative judge found that the appellant did not establish an entitlement to waiver of recovery of the overpayment amount. ID at 6-8. The administrative judge noted that the appellant never submitted a Financial Resources Questionnaire (FRQ) setting forth his monthly income and expenses, despite numerous opportunities to do so. ID at 7-8. Thus, he found that the appellant was not entitled to a waiver of his overpayment. ID at 8.

¶5 In his petition for review, the appellant asserts that the request for reconsideration form supplied by OPM contained a page for estimated monthly expenses that he completed and submitted with his request. Petition for Review (PFR) File, Tab 1. He argues that his submission was an FRQ and that his completed FRQ is "somewhere at OPM." *Id*. at 1. OPM has responded in opposition to the petition for review. PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The administrative judge properly found that OPM proved that the appellant had received an overpayment.

¶6        OPM bears the burden of proving, by a preponderance of the evidence, the existence and amount of an annuity overpayment. *Siefring v. Office of Personnel Management*, 94 M.S.P.R. 547, ¶ 3 (2003). In his petition, the appellant does not contest the administrative judge's finding that OPM met its burden to prove the amount of the overpayment. He no longer argues that OPM's calculation of his overpayment was based on an erroneous assumption that he was receiving SSADIB. We thus agree with the administrative judge that OPM has met its burden of proof regarding the amount of the overpayment.

The administrative judge properly found that the appellant failed to show that he is entitled to waiver of recovery of the overpayment.

¶7        On review, the appellant appears to be asserting that he is entitled to waiver of recovery of the overpayment or adjustment of the repayment schedule based on financial hardship. PFR File, Tab 1. Recovery of an overpayment will be waived when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401. A recipient of an overpayment is without fault if he has performed no act of commission or omission that resulted in the overpayment. 5 C.F.R. § 831.1402; *see Wright v. Office of Personnel Management*, 105 M.S.P.R. 419, ¶ 4 (2007). Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. 5 C.F.R. § 831.1403(a).

¶8        The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence. 5 C.F.R. § 831.1407(b); 5 C.F.R. § 1201.56(b)(2)(ii). Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to

support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

¶9    Here, we agree with the administrative judge that the appellant is without fault. The record contains no evidence to show that the appellant should have known that his interim annuity payments were erroneously calculated. Thus, he could be entitled to waiver of recovery of the overpayment based on a showing of financial hardship. To show that recovery of an annuity overpayment should be waived based on financial hardship, an appellant must prove that he needs substantially all of his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities. *See* 5 C.F.R. §§ 831.1404, 831.1405, 831.1407(b). In analyzing a claim of financial hardship, the administrative judge must compare monthly income and monthly expenses throughout the period during which collection is proposed. *See Fusco v. Office of Personnel Management*, 42 M.S.P.R. 501, 506 (1989). Overpayment recipients often supply a comparison of income and expenses by submitting an FRQ.

¶10    The appellant's assertion that he submitted personal financial hardship information to OPM is unavailing. In the record, there is a blank copy of an FRQ as part of OPM's Policy Guidelines submitted as a part of OPM's response file. IAF, Tab 9 at 76-79. There is nothing in OPM's response file, however, to support the appellant's assertion on petition for review that he submitted a completed FRQ or other evidence of his estimated monthly expenses to OPM.

¶11    Further, the appellant knew or should have known that he could submit evidence of financial hardship for consideration by the administrative judge. The administrative judge's acknowledgment order informed the appellant that he could claim that collection of the overpayment would cause him financial hardship. IAF, Tab 2 at 10. It also informed him that, to establish such a claim, he must prove by substantial evidence that he needed substantially all of his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities, and that to establish such expenses and liabilities he

needed to provide specifically identified information "supported by an affidavit and whatever documentary evidence" he possessed. *Id*. Notwithstanding being provided with this information, the appellant did not submit any evidence that collection of the overpayment would cause him financial hardship. Additionally, although the initial decision repeats much of the information provided in the acknowledgment order, the appellant on review states only the amount of his monthly income; he does not state the amount of his liquid assets or his current ordinary and necessary living expenses and liabilities. Under these circumstances, we find that the administrative judge properly found that the appellant failed to show that he is entitled to waiver of recovery of the overpayment on the basis of financial hardship.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                                        Jennifer Everling
                                                        Acting Clerk of the Board

Washington, D.C.